## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| CALIFORNIA INNOVATIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-cv-3153 |
| | § | |
| FUSE, LLC, | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

Plaintiff California Innovations, Inc. ("California Innovations") for its Complaint against Defendant FUSE, LLC ("FUSE") hereby demands a jury trial and alleges as follows:

## NATURE OF ACTION

1.     This is an action for a declaratory judgment of non-infringement and a declaratory judgment of invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., for a declaratory judgment that California Innovations does not infringe FUSE's U.S. Patent No. 12,195,235 (the "'235 Patent") and that the '235 is further invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

2.     In an attempt to increase its licensing revenue, FUSE has accused California Innovations of infringing the '235 Patent. But its infringement read impermissibly broadens the scope of the '235 Patent beyond what FUSE invented. Because FUSE refuses to drop its baseless allegation, California Innovations must file this action to end FUSE's assertion campaign. Moreover, FUSE insists that the '235 Patent is valid and enforceable. However, FUSE's infringement read is so broad that it would encompass the prior art and render the '235 Patent invalid. In other words, if FUSE's overbroad interpretation of the '235 Patent is correct, the

patent is invalid. If FUSE's overbroad interpretation is incorrect—and instead the '235 Patent is given its proper claim scope—California Innovations does not infringe. Either, FUSE's assertion of the '235 Patent against California Innovations is without merit.

## PARTIES

3.      Plaintiff California Innovations is a corporation organized and existing under the laws of the province of Ontario, Canada, having its principal place of business at 36 Dufflaw Road, Toronto, Ontario, Canada, M6A 2W1. California Innovations was founded in 1986 and is the market leader in soft-sided coolers and lunch packs. Its brands include Arctic Zone®, Titan by Arctic Zone®, and the California Innovaitions brand. California Innovations holds numerous design and utility patents on its technology.

4.      On information and belief, Defendant FUSE is a limited liability company organized under the laws of Mississippi having its principal place of business at 5170 Sanderlin, Suite 207, Memphis, Tennessee, 38117.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201 because this action seeks a declaratory judgment regarding rights arising under the patent laws of the United States.

6.      Pursuant to 28 U.S.C. § 2201, this Court can provide the declaratory relief sought in California Innovations' Complaint because an actual case or controversy exists between California Innovations and FUSE. An actual case or controversy exists at least because California Innovations does not infringe and has not infringed any claims of the '235 Patent, and FUSE has repeatedly accused California Innovations of infringing the '235 Patent. Furthermore, under FUSE's infringement read, the claims of the '235 Patent are invalid in light of the prior art.

7.      This Court has personal jurisdiction over FUSE because FUSE is headquartered

in this District. Upon information and belief, FUSE has purposefully directed its activities in this District, including its efforts to enforce the '235 Patent, and has established minimum contacts with this forum such that the exercise of jurisdiction over FUSE would not offend traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) because FUSE resides in this District and is subject to the Court's personal jurisdiction.

## **FACTUAL BACKGROUND**

9.      California Innovations began in Toronto in 1986 with its first product, an automotive sunshield, which lead to a small line of automotive accessories including a collapsible soft sided cooler that was initially intended to be positioned in automobile trunks. This collapsible cooler proved to be successful as not only an automotive accessory but ultimately as a sporting goods cooler.

10.      California Innovations has continued to lead innovation in cooler technology including through the acquisition of Arctic Zone, a leading insulated products company. This combination encouraged the development of several soft sided, insulated products.

11.      California Innovations prides itself on innovation and bringing new ideas to the marketplace. California Innovations holds numerous patents.

12.      California Innovations' commitment to innovation includes respecting the innovations of third parties. As such, when it seeks to use the technology of others, California Innovations has licensed the relevant patents and pays royalties on its products that incorporate the licensed technology.

13.      FUSE has now accused California Innovations of infringing the '235 Patent. FUSE has sent California Innovations multiple letters, spanning eight months, repeatedly demanding payment for a license to the '235 Patent. But FUSE's letters do not explain the basis

for its claim interpretations or respond to California Innovations' detailed substantive arguments to the contrary. California Innovations has requested, on multiple occasions, that FUSE provide more than its bare allegations of infringement. FUSE has refused. Where FUSE continues to assert the '235 Patent in bad faith, California Innovations has no choice but to seek recourse with the Court.

14.    U.S. Patent No. 12,195,235 entitled "Container Apparatus and Method of Using Same" issued on January 14, 2025 and is attached hereto as Exhibit A.

15.    FUSE, LLC is purportedly the assignee of record of the '235 Patent.

16.    On March 18, 2025, FUSE's President and CEO, Bill Benton, emailed California Innovations' President, Mel Mogil. FUSE asserted that California Innovations' Titan by Arctic Zone Fridge Cold Lunch Box (the "Titan cooler") infringes claims 1-7, 9, 11, and 12 of the '235 Patent. The email is attached hereto as Exhibit B.

17.    Accompanying the March 18, 2025 email communication, FUSE included a figure of the Titan cooler that FUSE had annotated indicating which features of the product allegedly satisfied certain claim limitations of the '235 Patent. This annotated figure is attached hereto as Exhibit C.

18.    On May 7, 2025, Canadian counsel for California Innovations responded via letter to FUSE's allegations. In particular, California Innovations identified various issues with the examination and prosecution of the '235 Patent which would result in invalidity of the patent. This letter is attached hereto as Exhibit D.

19.    In its letter, California Innovations described, in detail, why the Titan cooler did not infringe the '235 Patent. For example, the claims recite a concave recess formed in the cooler's enclosure which receives an insert assembly containing a temperature altering element.

The Titan cooler has no concave recess formed in an enclosure. Instead, the cooler is constructed with exterior zippered pockets for receiving an ice pack. The exterior pockets are not formed in the enclosure. Nor are the pockets concave in shape. As such, the Titan cooler does not infringe the claims of the '235 Patent. In addition, structures like the Titan cooler that utilize pockets for receiving an ice pack are found in the prior art and are therefore beyond the legitimate scope of the claims. FUSE's interpretation of the claims sweeps in the prior art which would render the claims invalid, including prior art that was specifically distinguished during prosecution of the '235 Patent.

20.    On August 5, 2025, counsel for FUSE responded to the letter from California Innovations' Canadian counsel. FUSE reiterated its assertion that the Titan cooler infringed the '235 Patent and demanded that California Innovations license the '235 Patent and pay a royalty. FUSE did not address any of the non-infringement positions raised by California Innovations in its May 7, 2025 letter. The letter is attached hereto as Exhibit E.

21.    On August 21, 2025, United States counsel for California Innovations sent a letter to FUSE denying, again, any infringement of the '235 Patent. California Innovations reiterated that the Titan cooler did not satisfy key claim limitations. The letter is attached hereto as Exhibit F.

22.    On October 20, 2025, FUSE responded via letter repeating its previous allegations of infringement of the '235 Patent by California Innovations' Titan cooler. FUSE did not address any of the non-infringement arguments raised by California Innovations. The letter is attached hereto as Exhibit G.

23.    Counsel for both parties met telephonically in early November 2025 where California Innovations reiterated its non-infringement positions. California Innovations further

requested a substantive response to these non-infringement positions which were first raised in its May 7, 2025 letter and repeated in its August 21, 2025 letter. On November 4, 2025, California Innovations sent another letter requesting a substantive response to its non-infringement positions. The letter is attached hereto as Exhibit H.

24.    On November 19, 2025, FUSE responded via email repeating its same assertion of the '235 Patent. FUSE did not substantively address California Innovations' non-infringement positions. The email is attached hereto as Exhibit I.

25.    FUSE has not, at any point, addressed the arguments raised by California Innovations which would make it impossible for the Titan cooler to infringe the '235 Patent. FUSE continues to assert the '235 Patent despite these clear non-infringement positions. FUSE's continued assertion of the '235 Patent against California Innovations while refusing to explain its substantive positions demonstrates FUSE's assertion is not in good faith.

26.    A valid and justiciable controversy regarding the '235 Patent has arisen between FUSE and California Innovations that is properly presented for judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

27.    California Innovations has not infringed and is not infringing any valid and enforceable claim of the '235 Patent.

## COUNT I: REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '235 PATENT

28.    California Innovations realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 27.

### *FUSE's infringement allegations*

29.    California Innovations has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '235 Patent, either literally or

under the doctrine of equivalents.

30.    Claim 1, the only asserted independent claim, recites as follows:

1. A container apparatus comprising an enclosure and *an insert assembly releasably retained within the enclosure, the enclosure defining an interior area for containing items therein*, the enclosure comprising a base, a sidewall extending upwardly from the base, and a lid connected to the sidewall, wherein *a substantially concave recess is formed in the enclosure and receives the insert assembly therein*, the insert assembly comprising a temperature altering element.

Exhibit A (emphasis added). The claim recites two main structural components: (1) an enclosure with a base, side walls, and lid; and (2) a substantially concave recess for holding a temperature altering element (*e.g.*, an ice pack).

31.    The Titan cooler, a photo of which is included below, has two Ice Walls® ice packs that fit into exterior zippered pockets. FUSE argues that the "insert assembly comprising a temperature altering element" limitation is met by the Ice Walls®. FUSE also claims that the "enclosure" limitation is met by the main interior portion of Titan cooler where food and beverage items would be placed.



*Includes 2 Ice Walls® that fit into exterior zippered pockets*

*California Innovations' clear non-infringement position*

32.     For several reasons, the Titan cooler does not meet the limitations of claim 1.

33.     First, as set forth above, claim 1 recites a "substantially concave recess." The Titan cooler's exterior zippered pockets are not substantially concave recesses. These pockets are flat spaces that are neither concave nor convex.

34.     Second, the claim further indicates that the concave recess is "formed" in the enclosure. From the context of the disclosure of the '235 Patent, it would be understood that the invention disclosed has a rigid liner. The term "formed" only has context in the process of molding the rigid liner. Because the liner is rigid, it can act as a formed socket in which to receive the claimed insert assembly such that the insert assembly may be "releasably retained," as Claim 1 requires. The Titan cooler does not have a rigid, molded liner and the exterior

zippered pockets are not "formed" in the enclosure. In fact, the Titan cooler does not have any recess, concave or otherwise, that is "formed," whether within the enclosure or anywhere else.

35.    Third, the claim indicates not only that the concave recess is "formed," but further, that it be formed "in the enclosure." In fact, the insert assembly—which must be received by the substantially concave recess—must also be "releasably retained ***within*** the enclosure." Therefore, the substantially concave recess must be ***within*** the enclosure. FUSE identifies the large opening where food items are kept in the Titan cooler as satisfying the enclosure limitation. FUSE identifies the Titan cooler's exterior zippered pockets as satisfying the concave recess limitation. However, it is readily apparent that the exterior zippered pockets are not formed "in the enclosure" and are, in fact, located outside of the enclosure.

36.    The structure and location of the concave recess as claimed by the '235 Patent is demonstrated by Figure 1 of the '235 Patent, a photo of which is included below. The concave recesses are located at 31, 32, 33, and 34. '235 Patent, 7:15-18.



FIG. 1

9

37.    In an additional embodiment of the '235 Patent, demonstrated in Figure 25, the structure and location of the concave recess remain ***within*** the enclosure. A photo of Figure 25 is included below. The concave recess is located at 530 and is formed in the interior surface of the lid. '235 Patent, 13:29-31.



*FIG. 25*

38.    Fourth, the claim indicates that the concave recess "receives the insert assembly therein." The ability to receive the insert assembly is predicated on the insert assembly being releasably retained "within the enclosure." The Titan cooler has no recess "formed in the enclosure" that receives an insert assembly "within the enclosure." On the contrary, the Titan cooler's exterior zippered pockets are deliberately not within and not accessible from within the enclosure. They are external to the enclosure. As the Arctic Zone website explains, "[t]he Ice

Walls® fit inside zippered, exterior Ice Wall® pockets to allow more room for food and drinks on the inside of the lunch box."

*FUSE's overbroad interpretation of the patent*

39.    FUSE advances an interpretation of its patent claims that stretches the claim language beyond its reasonable bounds in an effort to ensnare California Innovations' Titan cooler. FUSE's interpretation of the claims is inconsistent with the patent's text and figures.

40.    FUSE's infringement assertion hinges on equating the Titan cooler's exterior zippered pockets with the requirement in claim 1 of the '235 Patent that "a substantially concave recess is formed in the enclosure and receives the insert assembly therein."

41.    As articulated in more detail above, the Titan cooler does not meet this limitation. The Titan cooler's exterior zippered pocket 1) is not a concave recess; 2) is not "formed;" 3) is not "in the enclosure;" and 4) does not receive an insert assembly in the enclosure.

42.    FUSE's interpretation of the patent claims—under which an exterior zippered pocket is a concave recess formed in the enclosure—cannot be correct because coolers having similar pockets predate the '235 Patent. For example, U.S. Patent No. 6,092,661 (the "'661 Patent"), filed in July 24, 1998 and issued on July 25, 2000, and assigned to California Innovations, discloses a structure in which the enclosure's main compartment contains a sack for holding a thermal storage medium. The '661 Patent is attached hereto as Exhibit J. A photo of the '661 Patent is included below with the sack for holding a thermal storage medium located at 64. '661 Patent, 4:30-34. Under FUSE's expansive interpretation, the '235 Patent would read on California Innovations' '661 Patent which predates the '235 Patent by 25 years and predates the earliest claimed priority date of the patent, namely September 19, 2013, by 15 years. This result confirms the overbreadth of FUSE's infringement allegations.



Figure 3

*FUSE's bad faith assertion of the '235 Patent*

43.     California Innovations repeatedly notified FUSE that its position could not be squared with the patent's language and specification and would impermissibly capture the prior art. Despite these warnings, FUSE persisted in asserting the '235 Patent under its strained interpretation.

44.     FUSE knew, or should have known, that its reading of the patent claims was baseless and could not cover the California Innovations Titan cooler without also covering the prior art, rendering the claims improperly asserted and beyond their legitimate scope.

45.     Despite California Innovations repeatedly informing FUSE that its overly broad interpretation of the patent was untenable, FUSE persisted in engaging in vexatious, unjustified assertions in an attempt to force California Innovations to license an unnecessary patent.

46.     These unnecessary allegations have caused California Innovations to incur significant legal fees in its defense.

47.    The totality of the record demonstrates that FUSE knew, or should have known, that its position was baseless. Any infringement assertion is, therefore, beyond the patent's lawful scope and should be rejected.

48.    There exists an actual controversy between California Innovations and FUSE with respect to FUSE's alleged infringement of the '235 Patent. Accordingly, declaratory judgment is appropriate and necessary to determine the parties' respective rights regarding the '235 Patent.

## COUNT II: REQUEST FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '235 PATENT

49.    California Innovations realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 48.

50.    Under FUSE's overly broad interpretation of the patent claims, the '235 Patent is invalid under at least 35 U.S.C. §§ 102 and/or 103. The features claimed in the '235 Patent were disclosed in the prior art before the earliest priority date of the '235 Patent.

51.    On its face, the '235 Patent claims September 19, 2013 as its earliest date of priority.

52.    The '661 Patent was filed on July 24, 1998, and thus is available as prior art at least under 35 U.S.C. § 102(a).

53.    Pursuant to 35 U.S.C. §§ 102 and/or 103, the '661 Patent anticipates and/or renders obvious at least claims 1-7, 9, 11, and 12 of the '235 Patent. Attached hereto as Exhibit K are exemplary citations to the '661 Patent which disclose or render obvious all limitations of Claim 1 of the '235 Patent, the sole independent claim that FUSE has asserted against California Innovations. The exemplary citations included in Exhibit K are based on FUSE's interpretation of the claims in its infringement allegations.

54.     Pursuant to 35 U.S.C. §§ 102 and/or 103, all claims of the '235 Patent are additionally invalid based on additional prior art, including but not limited to, prior art cited during the examination and prosecution of the '235 Patent and in California Innovations' letters to FUSE, attached as Exhibits D, F, and H hereto.

55.     All claims of the '235 Patent are additionally invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101 and/or 112.  For example, FUSE's broad interpretation of the claims is not supported by the patent's specification and figures. Thus, the patent's specification does not adequately demonstrate that the inventor was in possession of the claimed invention, as now interpreted by FUSE, at the time of filing.

## JURY DEMAND

56.     Under Rule 38(b) of the Federal Rules of Civil Procedure, California Innovations respectfully requests a jury trial on all issues and claims.

## PRAYER FOR RELIEF

WHEREFORE, California Innovations respectfully requests the Court enter judgment in its favor and grant the following relief:

A.  A declaration that California Innovations has not infringed, has not contributed to infringement of, and has not induced infringement of any claims of the '235 Patent, either literally or under the doctrine of equivalents;

B.  A declaration that the '235 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

C.  A declaration that this case is exceptional under 35 U.S.C. § 285 and award California Innovations its reasonable attorneys' fees, expenses, and costs incurred in this action; and

D.  Award California Innovations such other and further relief as the Court deems just

and proper.

Dated: December 19, 2025          Respectfully Submitted

*/s/Matthew Costello*

Matthew Costello (TN Bar No. 042030)
HAYNES AND BOONE, LLP
600 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Telephone: (949)202-3040
Facsimile: (949)202-3140
matthew.costello@haynesboone.com

David L. McCombs (TX Bar No. 13438700)
(*pro hac vice* forthcoming)
Stephanie N. Sivinski (TX Bar No. 24075080)
(*pro hac vice* forthcoming)
Marron E. Frith (TX Bar No. 24137884)
(*pro hac vice* forthcoming)
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: (214)651-5000
Facsimile: (214)651-5940
david.mccombs@haynesboone.com
stephanie.sivinski@haynesboone.com
marron.frith@haynesboone.com

ATTORNEYS FOR CALIFORNIA
INNOVATIONS, INC.